**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| THAI UNION GROUP PUBLIC COMPANY LIMITED, THAI UNION SEAFOOD COMPANY LIMITED, and OKEANOS FOOD COMPANY LIMITED, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Court No. 26-2231 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) ) | |
| and | ) ) ) | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, and AMERICAN SHRIMP PROCESSORS ASSOCIATION, | ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) ) | |
| MAZZETTA COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No. 26-2233 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) ) | |
| and | ) ) ) | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE, and AMERICAN SHRIMP PROCESSORS ASSOCIATION, | ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

**DEFENDANT'S CONSENT MOTION FOR LEAVE FOR
THE UNITED STATES DEPARTMENT OF COMMERCE TO CONSIDER
CERTAIN MINISTERIAL ERROR ALLEGATIONS AND, IF NECESSARY,
PUBLISH AMENDED FINAL RESULTS, AND FOR AN EXTENSION
OF TIME TO FILE THE RULE 73.2 ADMINISTRATIVE RECORD SUBMISSION**

Pursuant to Rules 1, 6, and 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court (1) grant leave for the Department of Commerce (Commerce) to consider certain ministerial error allegations related to the final results of the administrative proceeding being challenged and, if necessary, publish amended final results, and (2) grant an extension of time for Commerce to file the Rule 73.2 administrative record submission. The current due date for the Rule 73.2 administrative record filing is May 11, 2026.[1] Undersigned counsel of record for the United States has consulted with Robert Gosselink (counsel to plaintiffs Thai Union Group Public Company Limited, Thai Union Seafood Company Limited, Okeanos Food Company Limited, and Mazzetta Company, LLC), Nathan Rickard (counsel to defendant-intervenor Ad Hoc Shrimp Trade Action Committee), and Nicholas J. Birch (counsel to defendant-intervenor American Shrimp Processors Association) and represents that all parties consent to the relief sought in this motion.

**RELEVANT FACTS**

This case arises from Commerce's nineteenth administrative review of its antidumping duty order on frozen warmwater shrimp from Thailand. Commerce published the final results of the review on February 20, 2026, calculating affirmative antidumping duty margins for the mandatory respondents Thai Union Group Public Co. and its affiliates (Thai Union), Thai Royal

---

[1] We recently filed a motion to consolidate Case No. 26-2231 with Case No. 26-2233. We are filing the instant motion for leave for Commerce to consider certain ministerial error allegations on the docket for Case No. 26-2231. We intend to file a substantially similar motion on the docket for Case No. 26-2233 if the Court denies our motion to consolidate or if the Court does not act on the motion to consolidate before May 8, 2026.

Frozen Foods CO., Ltd., and Charoen Pokphand Foods Public Co., Ltd. (CP Foods), as well as the non-selected companies. *See Certain Frozen Warmwater Shrimp From Thailand: Final Results of Antidumping Duty Administrative Review; 2023–2024*, 91 Fed. Reg. 8,182 (Dep't of Commerce Feb. 20, 2026) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).

On March 2, 2026, in accordance with 19 C.F.R. § 351.224(c), Thai Union timely filed its ministerial error allegations regarding the final results. According to Thai Union, Commerce erred by: (1) failing to assign customer-specific assessment rates, and (2) assigning surrogate costs to Thai Union using only the cost data reported by Thai Union.

On March 17, 2026, Thai Union and Mazzetta filed their respective summonses challenging the *Final Results*. No. 26-02231, ECF No. 1; No. 26-02233, ECF No. 1. On March 31, 2026, Thai Union and Mazzetta filed their respective complaints challenging the *Final Results* No. 26-02231, ECF No. 8; No. 26-02233, ECF No. 8. The filing of the Thai Union's complaint commenced this action pursuant to USCIT Rule 3(a)(2) and vested the Court with jurisdiction over the case.

## ARGUMENT

Congress intended for Commerce to consider and, if appropriate, to correct ministerial errors within a reasonable amount of time after Commerce issues its final determinations. *See* 19 U.S.C. § 1675(h) (directing Commerce to establish procedures for the correction of ministerial errors). In accordance with its statutory mandate, Commerce has promulgated procedures for the correction of ministerial errors. *See* 19 C.F.R. § 351.224. Under these procedures, Commerce "will analyze any comments received and, if appropriate, . . . correct any ministerial error by

amending the final determination or the final results of review (whichever is applicable)." 19

C.F.R. § 351.224(e).

In "special situation{s}," such as when "the published final determination has been

contested under 19 U.S.C. § 1516a and therefore is subject to the jurisdiction of the Court of

International Trade{,}" this Court "may exercise its discretion to disallow issuance of an

amended final determination in an antidumping duty investigation or review." *NTN Corp. v.*

*United States*, 587 F. Supp. 2d 1313, 1315 (Ct. Int'l Trade 2008) (citing *Zenith Elecs. Corp. v.*

*United States*, 884 F.2d 556, 562 (Fed. Cir. 1989)).  In deciding whether to grant a request for

leave to consider a ministerial allegation, "the court is guided by the general congressional intent

signified by 19 U.S.C. § 1675(h) but also is mindful of its obligations to prevent unfairness to

any party and to avoid unnecessary delay or expense." *Id.* at 1316 (citing USCIT Rule 1); *see*

*also SGL Carbon LLC v. United States*, 819 F. Supp. 2d 1352, 1363 (Ct. Int'l Trade 2012)

(holding that appropriate course is to grant agency leave to publish amended final results to

correct ministerial errors, absent showing of prejudice or fundamental unfairness).

This motion is supported by good cause.  But for the filing of the complaint in this case,

Commerce would have considered Thai Union's ministerial error allegations under its normal

procedures.  Commerce's consideration of Thai Union's ministerial error allegations will address

any alleged ministerial errors and could potentially affect Thai Union's weighted-average

dumping margin.  Additionally, in the underlying administrative review, Commerce based the

review-specific rate for the non-selected companies on the margin calculated for Thai Union.

Furthermore, Commerce based the review-specific rate for CP Foods on the simple average of

the non-zero individual transaction margins of Thai Union.  Because the pending ministerial

error allegations pertain to the margin calculation for Thai Union, granting the Government's

request for leave to consider the allegations may alter the weighted-average dumping margin calculated for CP Foods and/or the non-selected companies, which in turn, may alter the importer specific assessment rate paid by Mazzetta.

Allowing Commerce to consider these allegations at this early stage of the litigation also promotes judicial efficiency and conserves the Court's and the parties' resources because, if the issue were left until the parties presented competing motions for judgment upon the agency record, the parties will have needlessly focused their attention on these issues.  If Commerce can address any errors now, then during the merits briefing, the parties can focus their resources on addressing the substantive claims raised in the complaints.

Additionally, to ensure that Commerce's administrative record submission is complete (if the Court were to grant leave to consider the ministerial error allegations), we request an extension of the May 11, 2026 deadline for filing the administrative record indices submission, so that administrative filings related to the ministerial error allegations, including any amended final results that may be issued, are included in the record indices Commerce files with the Court.  Because it is unknown what Commerce's decision will be with respect to the ministerial error allegations, we request that the Court order that our Rule 73.2 submission be filed on or before 30 days after the signature date of the ministerial error allegations memorandum or, if the ministerial error allegations memorandum indicates that amended final results will be published, 30 days after publication of the amended final results.

For these reasons, we respectfully request that the Court grant leave for Commerce to consider the pending ministerial error allegations and, if necessary, issue amended final results, and for an extension of time to file the indices to the administrative record.

5

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

SAMUIL AGRANOVICH
Attorney
U.S. Department of Commerce
Office of the Chief Counsel For Trade
Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (240) 956-8572
Email: Samuil.Agranovich@trade.gov

s/ Brendan D. Jordan
BRENDAN D. JORDAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 616-0342
Email: Brendan.D.Jordan@usdoj.gov

May 6, 2026

Attorneys for Defendant

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limitation in the Court of International Trade Standard Chambers Procedures and contains approximately 1,164 words.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the motion.


/s/ Brendan Jordan